### HURLEY *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.* December 23, 1889.)

**1. MUNICIPAL CORPORATIONS—LIABILITY FOR ACTS OF OFFICERS.**
    Under the Brooklyn city charter (title 2, § 13, subd. 12) the common council was empowered "to establish, license, and regulate public and private markets," etc. By resolution the common council authorized the commissioner of city works to

lease lots in Wallabout Market, subject to restrictions, and to enforce the same. Plaintiff's lease of a lot in the market provided that the plan of building to be erected should be submitted to the commissioner of city works for approval, and should "rise at least nine inches above the curb." The existing grade on said avenue was then about two feet lower than that fixed by map on file in said department. Plaintiff applied to the commissioner for the grade on which to build, and was told that it would be sent to him. Subsequently the clerk and inspector of market gave plaintiff the grade on which to build, stating that he was acting under direction of the commissioner in so doing. The testimony showed that the commissioner had instructed him to see that all buildings conformed to their leases in regard to grade. *Held,* that plaintiff was justified in acting on information so received, and that the city is liable to him for damages arising through error of the clerk and inspector in giving him the wrong grade.

**2. SAME—EXEMPTION CLAUSE.**

Laws N. Y. 1881, c. 457, relating to the government of the city of Brooklyn, which provides that "heads of departments and officers of said city shall not be liable to third parties for the misfeasance or non-feasance of any person appointed by or subordinate to them," does not exempt the city from liability for damages arising through negligence or mistakes of appointees or subordinates of such heads of departments or officers.

Appeal from trial term.

Action by William S. Hurley against the city of Brooklyn. There was a judgment for plaintiff, and defendant appealed. Laws N. Y. 1881, c. 457, provides that "heads of departments and officers of said city shall not be liable to third parties for the misfeasance or non-feasance of any person appointed by or subordinate to them."

Argued before OSBORNE and VAN WYCK, JJ.

*Almet F. Jenks,* for appellant. *Phillips & Avery,* for respondent.

OSBORNE, J. In 1885 the department of city works of the defendant, acting under the authority of the common council, leased to the plaintiff lot 36, in the Wallabout market, fronting on Washington avenue. The lease required that the plan of any building to be erected on said lot should be submitted to the commissioner of said department for approval, and that such building should "rise at least nine inches above the curb." At that time the actual existing grade of Washington avenue was about two feet lower than the grade as fixed by the map on file in said department. Before proceeding to erect his building, plaintiff applied to the commissioner of the department of city works personally for the grade on which to build, and was told by the commissioner that "the grade would be given him,—sent down there." Subsequently one Lawson, the clerk and inspector of the market, marked the grade on which plaintiff was to build, and gave it to plaintiff, and alleged that he was acting under the direction of the commissioner in so doing. Plaintiff proceeded to erect his building on the grade so given him. It appears from the testimony that Lawson had received instructions from the commissioner to see that all buildings conformed to their leases in regard to grade. The grade so given to plaintiff was the grade as it existed at the time. After plaintiff had erected his building, the grade on Washington avenue was raised to conform to the grade as fixed by the map on file, and plaintiff was compelled to raise his building to conform to such raised grade, and in so doing he expended the sum of $383, to recover which this action was brought. Plaintiff recovered judgment for the amount so expended, and defendant appeals from said judgment.

It seems to us that the claim of the plaintiff was a just and equitable one, and we fail to find anything in the brief submitted by the learned counsel for the city on this appeal which induces us to change our opinion. We think that in giving the grade the commissioner of city works acted within the scope of his authority. Under the charter (title 2, § 13, subd. 12) the common council were empowered "to establish, license, and regulate public and private markets," etc.; and by resolution of the common council the commissioner of city works was authorized to lease lots in the Wallabout market sub-

ject to proper restrictions, and to enforce the same. Plaintiff, it appears, applied to the commissioner for the grade on which to build, and was told it would be sent to him. This grade was given to him by Lawson, the clerk and inspector of the market, who was acting under the direction of said commissioner in designating the grade. Under such circumstances, plaintiff was justified in acting on the information he received, and the city cannot escape responsibility for damages incurred by his so doing. In Dillon on Municipal Corporations, § 772, it is well said that, "when it is sought to render a municipal corporation liable for the act of servants or agents, a cardinal inquiry is whether they are the servants or agents of the corporation. If the corporation appoints or elects them, and can control them in the discharge of their duties; can continue or remove them; can hold them responsible for the manner in which they discharge their trust; and if those duties relate to the exercise of corporate powers, and are for the peculiar benefit of the corporation in its local or special interest,—they may justly be regarded as its agents or servants, and the maxim of *respondeat superior* applies."

We are also of the opinion that the so-called "exemption clause" of the city charter does not relieve the city. The claim for damages arose here from the blunder of the clerk and inspector of the market in giving plaintiff the wrong grade. He was neither an officer of the city, nor an appointee of the common council; nor was the commissioner of city works liable, as the act of 1881, c. 457, expressly exempts him from liability for misfeasance or non-feasance of any person appointed by or subordinate to him, and the duty of designating grades was not specially devolved upon him. Under such circumstances, the "exemption clause" does not constitute a defense. *Fitzpatrick* v. *Slocum*, 89 N. Y. 358. We are consequently of the opinion that the judgment should be affirmed, with costs.